MOSES CALL *et al.*, in equity, *vs.* WILLIAM J. PERKINS *et als.*

Lincoln.   Decided April 4, 1878.

*Deposition.   Trial.   Evidence.*

In the absence of the caption prescribed by chancery Rule XIV, which provides that the only caption required of the commissioner shall state that he "had this rule before him, when he executed the commission, and that he in all respects complied with its provisions," the caption must show that the witness was sworn according to law, or the deposition will not be admissible in evidence.

A recital in the caption that the deponent was sworn "to testifiy the truth and nothing but the truth" is fatally defective.

Testimony taken after publication is not admissible.

ON EXCEPTIONS.

BILL IN EQUITY, stated in 65 Maine, 439.

*J. Baker*, for the plaintiffs.

*A. P. Gould & J. E. Moore*, for the defendant, Tukey.

VIRGIN, J.   This is a bill in equity, brought to complete the plaintiffs' title to certain real estate, conveyed on May 10, 1862, by James Perkins to Elizabeth A. Perkins, on which the plaintiffs had levied an execution in their favor against William J. Perkins, claiming that the land in question was paid for, in part at least, by their execution debtor, W. J. Perkins, but was conveyed, by his direction, to his wife Elizabeth.

At the hearing on bill, answer and proofs, the main controverted fact was whether any, and if any, how much of the consideration of the deed was paid from the property of the grantee's husband.   After due consideration, this court decided that, on account of the nature of the controversy, the conflicting character of the testimony and the manner in which some of it was taken, it was a proper issue to be submitted to a jury.   The issue was accordingly sent down for trial, with a specific order directing at what term the trial should take place, etc.   Among other things, it was ordered: "That the parties, at such trial, may read in evidence such and so much as is admissible, and no other, of the depositions taken before the publication of testimony on February

19, 1872," etc. One of the objects of this clause in the order was to enable the parties to retake such depositions as were open to objections; and therefore ample time was given therefor, should the parties prefer the retaking of depositions to *viva voce* testimony of former deponents.

At the trial, the deposition of W. J. Perkins and the first deposition of his wife, taken in New York, on December 6, 1871, by Edwin F. Corey, commissioner of Maine, were offered by the plaintiffs and excluded by the presiding justice. To this ruling the plaintiffs allege exceptions; and the question is, were the depositions " admissible." Our opinion is clear that they were not. The taking was attempted under Rule XIV; but it in no wise conformed with its provisions. (1) The order did not authorize the clerk to issue a commission to take the depositions of these deponents; (2) The commission was not directed to " an attorney at law, or to a person specially appointed by a member of the court, or agreed upon in writing by the counsel;" (3) The deponents were not " sworn according to law," as required by the rule, but " to testify the truth and nothing but the truth," etc.; (4) Neither did the deponents finally " make oath to the truth of the facts by them stated." We do not mean to be understood as deciding that it should appear affirmatively and in detail that every requirement of the rule has been complied with. The regulations of the rule are not so many conditions precedent, a compliance with which must be shown by the caption; for the rule itself provides that " the only . caption required of the commissioner shall state that he had the rule before him when he executed the commission, and that he in all respects complied with its provisions." But they are to be regarded as instructions to guide and regulate the commissioner in the execution of his trust; and a copy of the rule should always accompany the commission. It should appear, however, that the deponent was at least sworn according to law; and if it does not so appear it is fatal. *Reed* v. *Boardman*, 20 Pick. 441, 444. We are of the opinion, therefore, that these depositions were rightfully excluded.

The second deposition of Elizabeth A. Perkins, and likewise that of Alvin F. Perkins, were excluded on the ground that they

were taken after February 19, 1872, which was the date of the publication of the testimony. This ruling was exactly in accordance with the order and with the express provisions of Rule XIII.

The exception alleged, for the exclusion of answers to the immaterial questions on pages three and four of the report, is not pressed.

This suit has been pending since September, 1869. The plaintiffs have had ample opportunity to satisfy a jury of their vicinity that W. J. Perkins paid some portion of the consideration of the deed; but, for some cause, they have not availed themselves of this privilege. The burden is on them. We do not think we are warranted in delaying the decision of the suit another year, for the purpose of affording them a renewed chance, with no more assurance of progress than before. *Interest reipublicae,* etc.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS and PETERS, JJ., concurred.

LIBBEY, J., having been of counsel, did not sit.